IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| PERRY LEE OLSON, #413228 | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-03-208 |
| | § | |
| DOUG DRETKE, DIRECTOR | § | |
| OF TDCJ-CID | § | |

## REPORT AND RECOMMENDATION

Before the Court is the "Petition for a Writ of Habeas Corpus by a Person in State Custody" filed by Perry Lee Olson, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division. The State has custody of Petitioner pursuant to a January 20, 1986, sentence of fifty years imprisonment in the TDCJ-CID imposed by the 1st District Court of Newton County, Texas after Petitioner was convicted of murder. Petitioner was released on parole on July 9, 1992, but was returned to custody on or around March 16, 1995, for violating the terms of his parole. Motion to Dismiss, Ex. A.

Petitioner did not appeal his conviction. On November 12, 2002, he filed a habeas application pursuant to Article 11.07 of the Texas Code of Criminal Procedure, claiming that bonus time he earned while imprisoned was not being applied to his scheduled release date. The writ was denied without written order on February 5, 2003, and Petitioner filed the instant writ on March 19, 2003. Respondent filed a Motion to Dismiss, which the District Court granted in part and dismissed in part. The State now argues that the sole remaining issue at stake in this habeas proceeding is without merit.

Petitioner argues that bonus time credits he has earned in the TDCJ-CID should have been applied to reduce his maximum release date and that the State has failed to do so. Petitioner alleges that bonus time cannot be forfeited for any reason under Texas law and that it must be calculated as "flat time" served. The State appears to argue first that the fact that the Court of Criminal Appeals denied Petitioner's state writ on this issue is *per se* cause for denying the instant writ. The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a prisoner to demonstrate that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence . . . ." 28 U.S.C. § 2254(d). Clearly, the State's argument is without merit. If the mere fact that a state court denied a habeas writ precluded federal relief, federal review of habeas petitions would be superfluous.

The State next argues that Petitioner's writ does not raise a claim cognizable in federal habeas review. In its earlier Report and Recommendation, this Court construed Petitioner's writ to contain three claims: (1) Texas' classification system fails to distinguish between good time earned and bonus time; (2) the State denied Petitioner 60 days of bonus time he earned in 1998; and (3) the State failed to apply Petitioner's bonus time to his maximum release date. The Court determined that it lacked jurisdiction over the first claim and that the second was time-barred by the AEDPA. According to the State, the remaining issue involves rights existing only under state law and does not address any federal or constitutional right.

Federal habeas relief is available only for the vindication of rights existing under federal law, not for rights that arise solely under the rules of either state or administrative procedures. *Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986). Issues of state law are not cognizable in federal habeas. *Gabel v. McCotter*, 803 F.2d 814, 815 (5th Cir. 1986). Only those state-created substantive

interests that affect the duration of a prisoner's sentence may qualify for constitutional protection. *Thompson v. Cockrell*, 263 F.3d 423, 425 (5th Cir. 2001).

While Petitioner's claim does appear to be directed solely to the state law at issue here, Petitioner prominently cites *Lynce v. Mathis*, 519 U.S. 433 (1997) in stating his claim. *Lynce* involved the application of the Constitution's ban on *ex post facto* laws to the retroactive revocation of good time credits earned by a Florida prisoner. Liberally construed, it is possible that Petitioner is alleging that the TDCJ-CID has violated the Constitution by failing to apply his bonus time credits to his scheduled release date, thereby unconstitutionally extending his sentence. The Court therefore finds that it has jurisdiction to determine the merits of Petitioner's writ.

Whether Petitioner's claim is construed as an attack on the TDCJ-CID's interpretation of state law or as a constitutional challenge to the application of bonus time credits, it is without merit. Petitioner's reliance on *Lynce* is misguided here because the Texas statute at issue bears no relationship to the retroactive revocation of credits at issue in that case. Bonus time does not affect an inmate's discharge date under Texas law. The Texas Prison Management Act was enacted to relieve prison overcrowding. This law offers the possibility of a bonus award of good time to prisoners who, like Petitioner, were sentenced prior to its enactment. Rev.Civ.Stat., Title 108, Art. 6184-o.

As the State explains, bonus time falls within good time credits. The statute states: "Good conduct time applies only to eligibility for parole or mandatory supervision as provided in Section 8, Article 42.18, Code of Criminal, *and shall not otherwise affect the inmates' term.*" *Id.* (emphasis added). The Court of Criminal Appeals has clearly stated that "good conduct time applies only to eligibility for parole or mandatory supervision" and "[g]ood time credit has no effect on the length of sentence imposed." *Ex parte Hallmark*, 883 S.W.2d 672, 674 (Tex.Crim.App. - 1994). The TDCJ-

3

CID's refusal to apply Petitioner's bonus time credits to his release date fully complies with the relevant statute and does not constitute an *ex post facto* application of law.

The Court therefore **RECOMMENDS** that Respondent's Motion for Summary Judgment (Instrument No. 20) be **GRANTED** and that the Petition for a Writ of Habeas Corpus of Perry Lee Olson (Instrument No. 1) be **DISMISSED**.

The Clerk shall send copies of this Report and Recommendation to the Petitioner by the means in place for transmission of same. Petitioner shall have until **August 17, 2005**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300. **Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas this _____19th_____ day of July, 2005.

John R. Froeschner
United States Magistrate Judge